IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Ray Anthony Shepard,          ) | Civil Action No. 6:11-1457-MBS-KFM |
|          Petitioner,   ) | |
|                    ) | **REPORT OF MAGISTRATE JUDGE** |
|      vs.             ) | |
|                    ) | |
| Anthony J. Padula, Warden, ) | |
|                    ) | |
|          Respondent.   ) | |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

## UNDERLYING CASE FACTS

On Friday, October 5, 2007, the Kershaw County Sheriff's Office executed a search warrant at the petitioner's residence in Elgin, South Carolina (App. 8). While authorities were executing the search warrant, Lt. David Downey, who had attended high school with the petitioner, as well as Investigator Brockelberry, saw the petitioner fleeing the scene and gave chase. During the chase, the petitioner dropped a purple Crown Royal bag that was later determined to contain 64.02 grams of crack cocaine, 27.94 grams of powder cocaine, 1.7 ounces of marijuana, and $290 in cash (App. 9). The following Monday, the petitioner, who had other pending criminal charges, reported to roll call where he was arrested (App. 10). He was subsequently indicted for trafficking crack cocaine, 28-100 grams, third offense (App. 124-25).

## **BACKGROUND**

The petitioner is currently confined at Lee Correctional Institution in the South Carolina Department of Corrections. On June 17, 2008, the petitioner, represented by Robert Butcher, entered a negotiated plea pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970) before the Honorable Ned Miller in Camden (App. 1, 6). After entering his plea, and explaining he was in no way coerced to enter into the plea agreement, the plea court advised the petitioner of the following: (1) as part of the negotiated plea, the petitioner would receive a 15 year sentence (App. 3-5); (2) he had a right to trial by jury; (3) he had a right to confront his accusers and subpoena witnesses to present a defense; (4) he could not be forced to testify and if he declined to testify, the jury could not hold that fact against him; and (5) that by pleading guilty he would be waiving his right to challenge any evidence seized by the State including any potential statements he may have given (App. 5-6). After the plea colloquy, the petitioner acknowledged that he understood each of the rights the plea court had discussed with him and confirmed that he still wished to plead guilty (App. 6). The petitioner further informed the plea court that he understood that he was receiving a reduction in the offense and a negotiated sentence in exchange for his plea. The petitioner added that he was satisfied with counsel's representation (App. 7). Finally, the State added that as part of the plea negotiations the petitioner's nine remaining charges would be dismissed[1] (App. 8). Following the State's factual recitation, the petitioner agreed that there was a "substantial likelihood" a jury would find him guilty of the indicted offense. Moreover, the petitioner agreed with the State that he had three prior drug convictions (App. 13). The plea court found petitioner's plea was freely and voluntarily tendered and, pursuant to the negotiations, sentenced the petitioner to 15 years imprisonment (App. 13). The petitioner did not file a direct appeal.

---

[1] The nine remaining charges were: (1) resisting arrest in 2007; (2) distribution in 2006; (3) trafficking crack cocaine third offense in 2007; (4) possession of marijuana third offense in 2007; (5) possession with intent to distribute schedule 4 pills third offense in 2007; (6) trafficking powder cocaine in 2007; (7) trafficking cocaine in 2007; (8) a marijuana charge in 2007; and (9) an additional marijuana charge in 2007 (App. 10-11).

On August 15, 2008, the petitioner filed an application for post-conviction relief ("PCR") alleging: (1) "falsely arrest/ineffective assistance of counsel[;]" and (2) "arrest warrant invalid due to indictment invalid/coerced plea" (App. 17-23). On April 17, 2009, the State filed a return requesting an evidentiary hearing (App. 24-29). On May 13, 2009, an evidentiary hearing was conducted before the Honorable Alison R. Lee in Columbia (App. 30). The petitioner was represented by Charlie J. Johnson, Jr., while the State was represented by Assistant Attorney General Brian Petrano (App. 30).

At the hearing, the petitioner; his plea counsel; Casper Shepard, the petitioner's nephew; and Reneashia Williams, the petitioner's step-niece, testified (App. 31). At the conclusion of the hearing, the PCR court issued a verbal order denying relief and requesting the State prepare an order reflecting its decision (App. 108-14). On September 28, 2009, the PCR court issued an order denying relief (App. 117-23). Specifically, the PCR court made the following findings of fact and conclusions of law:

> The Applicant testified that this was a trafficking case, that he pled to a negotiated fifteen (15) years and was represented by Robert Butcher whom he met a number of times prior to the plea. Law enforcement officers executed their search warrant and basically raided his home but he was not home. According to the Applicant, law enforcement alleged that while executing the warrant the Applicant fled on foot dropping a package of drugs while fleeing. The officer, who made the claim, David Downy (sic), was a person Applicant knew from high school. The Applicant maintains that he was not the person seen fleeing and dropping the drugs. The Applicant and the officer who claimed to recognize the Applicant fleeing from the scene knew each other from high school. They had been involved in some conflict. Applicant claims the identification was tainted due to the officer's past animosity toward the Applicant. The Applicant testified that he never informed plea counsel of this purported prior history with the officer. The Applicant also stated that plea counsel failed to call any witnesses who would

3

testify that he was not present at the house when the search warrant was executed.

The Applicant testified that he was incorrectly advised by plea counsel that this was a third (3rd) offense, when in fact his prior record dictates that this charge would only be a first (1st) offense. The Applicant testified that he would have gone to trial if he had known this was a first offense. The Applicant has multiple drug convictions from 1985, 1991 and 1996. Specifically, in 1985 he was convicted of an accommodation sale of marijuana. In 1991, he was convicted of possession of cocaine, and in 1996, he was convicted of possession of cocaine, second offense. The Applicant testified that he asked for and was never provided a copy of discovery materials.

Plea counsel testified that the Applicant had several pending trafficking charges, and that this charge was for a trafficking, third offense. Plea counsel testified that it is his interpretation of S.C. Code § 44-53-470 (1) and (2) that the ten (10) year limitation on the use of prior drug convictions only applies if the pending, i.e. new, charge is for possession. There is no time limit for prior drug offenses when the "new" charge is for trafficking.

Plea counsel's investigation regarding the warrant execution and the identification of the Applicant as the person fleeing who dropped the drugs revealed a substantial factual basis for the plea and therefore, the State would be able to convict. The narcotics officer recognizing the person who dropped the drugs knew the Applicant from high school. This officer, David Downy (sic), identified Applicant. The Applicant never bothered to tell plea counsel about the purported past animosity between the Applicant and Officer Downy (sic).

Plea counsel testified that the Applicant always maintained that he was not there, and that Applicant told him that Crystal Shepard could verify that he was not there. According to plea

4

counsel, Crystal Shepard was very uncooperative and in his opinion not credible. She could just as easily testify for the State. Plea counsel does not recall Applicant mentioning anyone named "Casper." While an alibi defense was possible, the purported alibi witnesses were unreliable or could not be contacted. It would be difficult to challenge or counter the testimony from the narcotics officer, Downey; he makes an excellent witness for the State. Plea counsel's recollection was that both the narcotics officers would be able to identify the Applicant, not just Downey.

Plea counsel testified that he believed it was appropriate to advise Applicant to accept the plea. Nine other drug charges were dropped, some of which were trafficking charges. Plea counsel met with Applicant several times. They had long talks about going to trial, the positive identification, and the trouble with the "alibi" witnesses. Applicant was going to attempt to cooperate with the State and "flip" on some other drug dealers. Plea counsel testified that he and Applicant discussed this issue for several weeks. Ultimately the Applicant was identified by three (3) people as the person who dropped the drugs when fleeing from the search warrant execution. First, the Applicant's wife told law enforcement that it was "Ray's Crown Royal bag." Then Officer Brockenberry (sic), who also executed the search warrant, indicated that it was suspect number one (1), i.e. the Applicant, who he saw fleeing. Also, there was Officer Downey who knew the Applicant from high school and saw him flee and drop the drugs.

The Applicant then presented testimony from two witnesses, Casper Shepard and Reneasha Williams, who testified that the Applicant is their uncle and they were present when the warrant was executed. They both testified that they did not see the Applicant when the search warrant was executed.

In a post-conviction relief action, the Applicant has the burden of proving the allegations in the application. Rule 71.1(e),

SCRCP; *Butler v. State*, 286 S.C. 441, 334 S.E.2d 813 (1985). Where ineffective assistance of counsel is alleged as a ground for relief, the Applicant must prove that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 692 (1984); *Butler*, 286 S.C. 441, 334 S.E.2d 813 (1985).

The proper measure of performance is whether the attorney provided representation within the range of competence required in criminal cases. Courts presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Butler*, 286 S.C. 441, 334 S.E.2d 813 (1985). The Applicant must overcome this presumption to receive relief. *Cherry v. State*, 300 S.C. 115, 386 S.E.2d 624 (1989). When there has been a guilty plea, the applicant must prove that counsel's representation was below the standard of reasonableness and that, but for counsel's unprofessional errors, there is a reasonable probability that he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Alexander v. State*, 303 S.C. 539, 542, 402 S.E.2d 484, 485 (1991).

Courts use a two-pronged test in evaluating allegations of ineffective assistance of counsel. First, the Applicant must prove that counsel's performance was deficient. Under this prong, attorney performance is measured by its "reasonableness under professional norms." *Cherry*, 300 S.C. at 117, 385 S.E.2d at 625, (citing *Strickland*). Second, counsel's deficient performance must have prejudiced the Applicant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Cherry*, 300 S.C. at 117-18, 386 S.E.2d at 625. As discussed above, the Applicant has failed to carry his

burden in this action. Therefore, this Court finds that the application must be denied and dismissed.

This Court finds Applicant's testimony is not credible, while also finding Applicant's counsel's testimony is credible. Accordingly, this Court finds Applicant has failed to prove the first prong of the *Strickland* test; that counsel failed to render reasonably effective assistance under prevailing professional norms. This Court also finds Applicant has failed to prove the second prong of *Strickland*; that he was prejudiced by counsel's performance.

This Court finds that the statutory language is clear, that this not a first offense. . . . . The statute is unambiguous. Section 44-53-470(1) clearly imposes a ten year limitation on the use of the prior offenses when a defendant is charged with a "possession offense". The Applicant was charged with a trafficking which does not implicate S.C. Code § 44-53-470(1). *See also*, *Walters v. State*, 371 S.C. 591, 593, 641 S.E.2d 434, 435 (2007) (timing of prior convictions is irrelevant to the determination of subsequent *distribution* offense for the purposes of S.C. Code § 44-53-470). This Court finds that because the trafficking charge is clearly not a first offense, the Applicant's allegations of prejudice fail. Applicant only claimed that he would have gone to trial if he had known this was really a first offense.

Regarding the purported animosity between the Applicant and Officer Downey, this court finds that the Applicant is not entitled to relief. Specifically, the Applicant admitted he failed to provide this information to counsel for his evaluation of its importance. Additionally, once Applicant was advised there were problems with the witnesses, he decided to plea. Also, the Applicant himself knew about the purported prior history with Downey, yet he still decided to take advantage of the bargain of the plea, which included dismissal of a multitude of other charges including several trafficking offenses. Finally, the identification of the Applicant was not entirely depended (sic) on Downey;

Brockenberry (sic) and the Applicant's wife identified the drugs as the Applicant's.

Regarding the Applicant's purported "alibi" defense, this Court finds that, even if the "alibi witnesses presented at the PCR hearing were credible, they do not present any sort of alibi claim. The witnesses at the PCR hearing only testified that they did not see the Applicant when the warrant was executed. An alibi witness should put the accused somewhere else at the time in question, these witnesses do not establish Applicant's whereabouts, they do not know where the Applicant was. Under South Carolina law, alibi is not an affirmative defense that must be provided by the defendant by a preponderance of the evidence. The State has the burden of proving the defendant's presence. *State v. Deschamps*, 134 S.C. 179, 131 S.E.2d 420 (1926).

> To establish an alibi, the accused must show that he was at another **specified place** at the time the crime was committed, thus making it impossible for him to have been at the scene of the crime. **It is not enough for the accused to say that he was not at the scene and must therefore have been elsewhere**. *State v. Robbins*, 275 S.C. 373, 375, 271 S.E.2d 319, 320 (1980) citing 21 Am.Jur.2d Criminal Law § 136 (emphasis added).

Additionally, the Applicant only testified that he would not have gone to trial (rather than plead guilty) if he had known it was a first offense. Accordingly, this Court finds that the Applicant failed to satisfy its burden of proof and establish that plea counsel's performance was in any way deficient or that he was prejudiced.

(App. 117-23).

Following the denial of his application for PCR, the petitioner timely filed and served a notice of appeal. On April 7, 2010, the petitioner, represented by LaNelle Cantey

DuRant of the South Carolina Commission on Indigent Defense, filed a petition for writ of certiorari, arguing "the PCR court err[ed] in failing to find plea counsel ineffective for incorrectly advising the petitioner to plead guilty to a trafficking third offense which was based on plea counsel's misinterpretation of the enhancement statute, S.C. Code Ann. § 44-53-470, when the correct interpretation of the statute indicated the trafficking should be a first offense" (*see* Pet. for Writ of Cert. #2008-CP-28-0967). On June 22, 2010, the State filed a return to petition for writ of certiorari arguing there was sufficient evidence to support the PCR court's denial of relief. On May 26, 2011, the South Carolina Supreme Court denied certiorari. The remittitur was issued on June 13, 2011.

### FEDERAL HABEAS ACTION

On June 13, 2011, the petitioner filed a federal habeas petition pursuant to 28 U.S.C. § 2254. In his petition, the petitioner argues that he is entitled to relief based on the following grounds (verbatim)

> GROUND ONE: Denial of Effective Assistance of Counsel
> Supporting facts: Counsel advised me to plead guilty to the second offense of trafficking when my prior convictions barred the State from using them for enhancement purposes.
>
> GROUND TWO: Denial of Alibi Claim Resulting in Due Process Violation
> Supporting facts: Law ef. officers executed a search warrant on my place of residence and reported one (1) person fled on foot but was later apprehended. Law enforcement then reported that the person apprehended was not me. Then issued an arrest warrant for me. Persons at the residence testified I was not there, but claim was denied.
>
> GROUND THREE: Violation of South Carolina Code of Law
> Supporting facts: I was indicted for trafficking crack cocaine 28 grams to 100 grams third offense when according to Code of Annotation 44-53-470 requires enhancement of possession within ten (10) years convictions.

(Pet. 5-8).

On October 26, 2011, the respondent filed a motion for summary judgment. By order filed on October 27, 2011, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner filed his response in opposition on December 28, 2011, and he filed additional documents on January 3, 2012.

## RESPONDENT'S MOTION FOR SUMMARY JUDGMENT
## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the the the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252.

10

Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. §2254(d), (e).

The Fourth Circuit Court of Appeals has stated as follows regarding the standard of review in cases, like the instant case, that are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

> For a claim that was adjudicated on the merits in state court proceedings, this Court will not issue a writ of habeas corpus under the AEDPA unless (a) the state court decision is in "square conflict" with Supreme Court precedent that is

11

controlling as to law and fact or (b) if no such controlling decision exists, "the state court's resolution of a question of pure law rests upon an objectively unreasonable derivation of legal principles from the relevant [S]upreme [C]ourt precedents, or if its decision rests upon an objectively unreasonable application of established principles to new facts." *Green v. French*, 143 F.3d 865, 870 (4th Cir.1998). "In other words, habeas relief is authorized only when the state courts have decided the question by interpreting or applying the relevant precedent in a manner that reasonable jurists would all agree is unreasonable." *Id.* When a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits, however, our review of questions of law and mixed questions of law and fact is *de novo*. *See Jones v. Jones*, 163 F.3d 285, 299-300 (5th Cir.1998) (applying pre-AEDPA *de novo* standard of review to claims of ineffective assistance of counsel that were properly raised, but not adjudicated on merits in state court).

*Weeks v. Angelone*, 176 F.3d 249, 257-58 (4th Cir. 1999).

### Procedural Default

Before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir.1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17–27–10, *et seq.* ; S.C. Code Ann. § 17–27–90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C.1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17–27–80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State*,

653 S.E.2d 266, 267 (S.C. 2007).[2] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17–27–45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, regardless of whether the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir.1983).

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief on an issue after he failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

---

[2]In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007, decision in *Marlar*, South Carolina courts had not been uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

> [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman v. Thompson*, 501 U.S. 722, 750 (1991), or that a "fundamental miscarriage of justice" has occurred. *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986). "Cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n.24 (1999) (quoting *Murray*, 477 U.S. at 488). Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir.1995). In order to demonstrate a miscarriage of justice, a petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998).

### Ground One

In Ground One, the petitioner argues he was denied effective assistance of counsel when plea counsel advised him to plead guilty to trafficking crack cocaine 28-100 grams second offense when his prior convictions allegedly barred the State from using them

14

for enhancement purposes. It is undisputed that the petitioner was convicted of an accommodation sale of marijuana in 1985, for possession of cocaine in 1991, and for possession of cocaine second offense in 1996 (App. 12-13, 49-51, 57, 60-64, 118-19).

Claims of ineffective assistance of counsel are governed by the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner "must show that counsel's performance was deficient." *Id*. at 687. To prove deficiency, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. Second, the petitioner must show that the deficient performance actually prejudiced him, *i.e.* "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. *Strickland* does not guarantee perfect representation, only a "'reasonably competent attorney.'" *Id*. at 687 (quoting *McMann v. Richardson*, 397 U. S. 759, 770 (1970)). There is a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment in making all significant decisions in the case. *Id*. at 690. With regard to guilty pleas, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

The review of ineffective assistance of counsel claims in federal habeas is centered upon whether the state court decision was reasonable. 28 U.S.C. § 2254(d). Moreover, each step requires deference – deference to counsel and deference to the state court that previously reviewed counsel's actions:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id*., at 689; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S., at ———, 129 S.Ct. at 1420. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at ———, 129 S.Ct. at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies,

15

> the question is not whether counsel's actions were reasonable.
> The question is whether there is any reasonable argument that
> counsel satisfied *Strickland's* deferential standard.

*Harrington v. Richter*, 131 S.Ct. 770, 788 (2011).

The PCR court directly addressed this issue and found it to be without merit. At the PCR hearing, the petitioner testified that his plea counsel misinformed him that the charge he was facing, trafficking crack cocaine 28-100 grams, was a third offense, when the charge should only be considered a first offense under his understanding of the enhancement statute, S.C. Code Ann. § 44-53-470[3], and thus his counsel was ineffective in advising him to plead guilty to trafficking crack cocaine, second offense (App. 39-40). Meanwhile, plea counsel testified that the petitioner had several pending trafficking charges, and the petitioner's understanding of § 44-53-470 was incorrect (App. 54-56). Specifically, plea counsel testified that under his interpretation of S.C. Code § 44-53-470, the nature of the charge the petitioner was facing, trafficking crack cocaine, meant that subsection one, which dealt exclusively with possession charges, would not apply, and thus the petitioner's prior drug convictions would be used for enhancement purposes under subsection two (App. 55-56).

In the order of dismissal, the PCR court found that plea counsel's testimony was credible and the petitioner's testimony was not credible. (App. 121). That credibility determination is entitled to deference by this court. *Wilson v. Ozmint*, 352 F.3d 847, 858-59 (4th Cir. 2003). The PCR court found that the statutory language was clear and that the

---

[3]At the time of the petitioner's plea in 2008, the statute read as follows:

An offense is considered a second or subsequent offense if:
(1) for a possession offense pursuant to the provisions of this article, the offender has been convicted within the previous ten years of a violation of a provision of this article or of another state or federal statute relating to narcotic drugs, marijuana, depressants, stimulants, or hallucinogenic drugs; and
(2) for *all other offenses* pursuant to the provisions of this article, the offender has at *any time* been convicted of a violation of a provision of this article or of another state or federal statute relating to narcotic drugs, marijuana, depressants, stimulants, or hallucinogenic drugs.

S.C. Code Ann. § 44-53-470 (emphasis added).

petitioner's charge was not a first offense.  As subsection one of the statute clearly imposed a ten year limitation on the use of the prior offenses when a defendant is charged with a "possession offense," it was inapplicable since the petitioner was charged with a trafficking offense (App. 121 (citing *Walters v. State*, 641 S.E.2d 434, 435 (S.C. 2007) (finding that timing of prior convictions is irrelevant to the determination of a subsequent distribution offense for the purposes of S.C. Code Ann. § 44-53-470)).  Therefore, the PCR court found that the petitioner failed to satisfy either prong of *Strickland* (App. 121).

Here, the state courts' denial of relief on petitioner's ineffective assistance of counsel claim is premised upon the interpretation of state law, namely whether petitioner's trafficking offense was a first or a third offense under § 44-53-470 (1) and (2).  Specifically, the PCR court's denial of relief cited to both the enhancement statute itself and *Walters v. State*, 641 S.E.2d 434, 435 (2007), a state Supreme Court case interpreting § 44-53-470. Thus, because the state court's interpretation of state law is dispositive of the petitioner's ineffective assistance of counsel claim since it confirmed that counsel's understanding of the enhancement statute was correct, federal habeas relief must be denied. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("It is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions.").  The petitioner has failed to show the PCR court unreasonably applied United States Supreme Court precedent in deciding this issue.  The petitioner has also failed to show by clear and convincing evidence the PCR court reached an unreasonable factual determination given the evidence and record before it.  The PCR court reasonably applied *Strickland* finding that the petitioner had not shown that his counsel's performance was deficient nor that, but for the alleged error, he would not have pled guilty.  Accordingly, there is no merit to this ground.

**Ground Two**

In Ground Two of his petition, the petitioner alleges the state court's denial of his alibi claim violated his due process rights.  Specifically, he contends that he was not the person who fled the residence when law enforcement officers executed the search warrant and that he presented a valid alibi in light of the testimony elicited at the PCR hearing.

17

The petitioner did not raise a free-standing alibi claim in state court, and, had the petitioner attempted to raise the free-standing claim in his first PCR action, the claim would have been procedurally barred. *See Peeler v. State*, 283 S.E.2d 826, 826 (S.C. 1981) (holding issues which could have been raised at trial or in direct appeal cannot be asserted in collateral proceedings). While this issue was raised at the PCR hearing as an ineffective assistance of counsel claim, it was not raised in the petitioner's appeal from the denial of PCR. Moreover, the petitioner has failed to demonstrate sufficient cause and prejudice or actual innocence to excuse the procedural default. To the extent the petitioner claims his default on the ineffective assistance of counsel claim should be excused because of the ineffective assistance of his PCR counsel in failing to appeal the denial of the claim, he has failed to establish cause. The Supreme Court recently held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance of counsel." *Martinez v. Ryan*, 132 S.Ct. 1309, 1315 (2012). This holding was specifically limited to "initial-review collateral proceedings," not appellate PCR proceedings, as in this case. *Id.* at 1317.

To the extent that the petitioner argues that the ineffective assistance of his plea counsel in failing to raise the issue should excuse his default of the free-standing alibi claim, such argument also fails. The PCR court noted that plea counsel testified that the petitioner identified Crystal Shepard as a witness who could verify the petitioner was not at the scene. However, she was uncooperative and not credible in plea counsel's opinion. Plea counsel did not recall the petitioner mentioning a person named "Casper" (App. 121). At the PCR hearing, the petitioner presented the testimony of Reneashia Williams and Casper Shepard. The PCR court found that even if these witnesses were credible, they did not establish any sort of alibi. The witnesses testified only that they did not see the petitioner when the warrant was executed. They did not testify that the petitioner was at another location as required by South Carolina law (App. 122 (quoting *State v. Robbins*, 271 S.E.2d 319, 320 (S.C. 1980)). Accordingly, the PCR court reasonably found that the petition failed to show deficient performance by his plea counsel or prejudice. This court agrees.

Therefore, this issue was procedurally defaulted in state court and cannot be considered now on habeas review.

### Ground Three

In Ground Three, the petitioner restates his ineffective assistance claim in Ground One as a violation of the South Carolina Code. The respondent argues that this is not a cognizable federal habeas claim. This court agrees. Specifically, the petitioner's claim is entirely dependent upon revisiting the state courts' interpretation of S.C. Code Ann. § 44-53-470. Accordingly, this ground for relief is not a cognizable habeas claim. Violations of state law that do not infringe upon specific federal constitutional protections are not cognizable under section 2254. *See Estelle*, 502 U.S. at 67-68 ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Weeks v. Angeleone*, 176 F.3d 249, 262 (4th Cir.1999) ("when a petitioner's claim rests solely upon an interpretation of state case law and statutes, it is not cognizable on federal habeas review"). Accordingly, this claim should be dismissed.

### PETITIONER'S MOTION FOR DEFAULT

On October 27, 2011, the petitioner filed a motion for default, arguing that the respondent has failed to timely file an answer (also referred to as a "return"). A previous motion for default was denied by the Honorable Margaret B. Seymour, Chief United States District Judge, on December 29, 2011. The return was originally due by August 25, 2011. However, the respondent requested an extension of time, which was granted by this court on August 26, 2011, extending the deadline for the return until September 26, 2011. On September 26, 2011, the respondent filed a second motion for extension of time, which was granted by this court on September 28, 2011, extending the deadline for the return until October 26, 2011. The respondent timely filed a motion for summary judgment and return on October 26, 2011. Based upon the foregoing, the motion for entry of default (doc. 37) is meritless and should be denied.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment (doc. 33 ) be granted and the petitioner's motion for default (doc. 37) be denied.

s/ Kevin F. McDonald
United States Magistrate Judge

July 27, 2012
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington St, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984.