IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Ray Anthony Shepard, | ) | Civil Action No. 6:11-1457-MBS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Anthony J. Padula, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Ray Anthony Shepard ("Petitioner") is an inmate in custody of the South Carolina Department of Corrections, serving a 15 year sentence following a conviction for trafficking in crack cocaine. Petitioner is currently housed at the Lee Correctional Institution in Bishopville, South Carolina. On June 16, 2011, Petitioner filed a pro se petition for a writ of habeas corpus ("Habeas Petition") pursuant to 28 U.S.C. § 2254, alleging the violation of his rights protected by the United States Constitution. (ECF No. 1.) Respondent Anthony J. Padula ("Respondent") opposes Petitioner's petition and moves for summary judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure. (ECF No. 33.) Petitioner filed opposition to Respondent's motion and, in addition, moves for entry of default against Respondent pursuant to Fed. R. Civ. P. 55(a). (ECF Nos. 37, 48.)

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 D.S.C., the matter was referred to United States Magistrate Judge Kevin F. McDonald for pretrial handling. On July 27, 2012, the Magistrate Judge issued a Report and Recommendation in which he recommended that the court grant Respondent's motion for summary judgment and deny Petitioner's motion for entry of default. (ECF No. 54.) Petitioner filed objections to the Report and Recommendation

1

asking the court to not uphold the Magistrate Judge's recommendation in any form. (ECF No. 62.) For the reasons set forth below, the court adopts the Report and Recommendation of the Magistrate Judge, **DENIES** Petitioner's motion for entry of default, **GRANTS** Respondent's motion for summary judgment and **DISMISSES** the habeas petition with prejudice.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On Friday October 5, 2007, the Kershaw County Sheriff's Office executed a search warrant at Petitioner's residence in the town of Elgin, Kershaw County, South Carolina. (ECF No. 34-1, p. 10.) While one group of law enforcement personnel were executing the search warrant, a second group of officers, including Lieutenant Downey and Investigator Brockelberry, observed Petitioner fleeing the scene and gave chase. (Id. at p. 11.) During the chase, Petitioner dropped a purple Crown Royal bag, which bag was later determined to contain 64.02 grams of crack cocaine, 27.94 grams of powder cocaine, 1.7 ounces of marijuana, and $290 in cash. (Id. at pp. 11-12.) On the following Monday, October 8, 2007, Petitioner was arrested at the Kershaw County Courthouse, where he was present for the purpose of attending roll call regarding a separate trafficking charge. (Id. at p. 12.)

On June 17, 2008, in accordance with the terms of a negotiated plea pursuant to North Carolina v. Alford, 400 U.S. 25 (1970), Petitioner pled guilty to possession of between 28 grams and 100 grams of crack cocaine with at least one prior drug offense conviction. (ECF No. 34-1, p. 6.) Additionally, the State of South Carolina and Petitioner reached an agreement upon the ultimate disposition of his case. (Id. at p. 130.) Thereafter, in accordance with the aforementioned agreement, Petitioner was sentenced to 15 years incarceration on June 17, 2008. (Id. at p. 130.) Petitioner did not appeal his conviction and/or sentence to the South Carolina

Court of Appeals.

On August 15, 2008, Petitioner filed an application for post-conviction relief ("PCR") in the Kershaw County Court of Common Pleas. (ECF No. 34-1, p. 19-24.) He asserted in his PCR application that he was falsely arrested due to an invalid arrest warrant, prosecuted as a result of an invalid indictment, denied effective assistance of trial counsel, and coerced into pleading guilty. (Id. at p. 21.) The PCR court held an evidentiary hearing on May 13, 2009 in which Petitioner offered testimony from himself, plea counsel, Casper Shepard and Reneashia Williams. (Id. at pp. 32-33.) The PCR judge denied Petitioner's PCR application in an order filed on October 1, 2009. (Id. at pp. 119-125.)

Following the denial of his application for PCR relief, Petitioner filed a notice of appeal on November 23, 2009 and a petition for writ of certiorari with the South Carolina Supreme Court on or about April 7, 2010. (ECF Nos. 34-2; 34-3, pp. 1-12.) In his petition for writ of certiorari, Petitioner raised the issue of whether the PCR judge erred "in failing to find plea counsel ineffective for incorrectly advising Petitioner to plead guilty to a trafficking third offense which was based on plea counsel's misinterpretation of the enhancement statute, S.C. Code § 44-53-470, when the correct interpretation of the statute indicated the trafficking should be a first offense[.]" (Id. at p. 3.) The South Carolina Supreme Court denied Petitioner's petition for writ of certiorari on May 26, 2011. (ECF No. 34-5.) The South Carolina Supreme Court remitted the matter to the lower court on June 13, 2011. (ECF No. 34-6.)

Petitioner filed the instant Habeas Petition in this court on June 16, 2011. (ECF No. 1.) Petitioner contends that relief under 28 U.S.C. § 2254 is appropriate based on the following grounds:

> GROUND ONE: Denial of Effective Assistance of Counsel Supporting facts: Counsel advised me to plead guilty to the second offense of trafficking when my prior convictions barred the State from using them for enhancement purposes.
>
> GROUND TWO: Denial of Alibi Claim Resulting in Due Process Violation Supporting facts: Law Ef. officers executed a search warrant on my place of residence and reported one (1) person fled on foot but was later apprehended. Law enforcement then reported that the person apprehended was not me. Then issued an arrest warrant for me. Persons at the residence testified I was not there, but claim was denied.
>
> GROUND THREE: Violation of South Carolina Code of Law Supporting facts: I was indicted for trafficking crack cocaine 28 grams to 100 grams third offense when according to Code of Annotation 44-53-470 requires enhancement of possession within ten (10) years convictions.

(ECF No. 1, pp. 5-8.) On October 26, 2011, Respondent filed a motion for summary judgment. (ECF No. 33.) On October 27, 2011, Petitioner filed a motion for entry of default. (ECF No. 37.) Petitioner further filed opposition to Respondent's motion for summary judgment on December 28, 2011. (ECF No. 48.) On July 27, 2012, the Magistrate Judge issued his recommendation that the court grant Respondent's motion for summary judgment, dismiss the Habeas Petition, and deny Petitioner's motion for entry of default. (ECF No. 54.) Petitioner filed objections to the Magistrate Judge's Report on September 17, 2012. (ECF Nos. 62.)

## II.   LEGAL STANDARD AND ANALYSIS

**A.   Standard**

### 1.   Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections

4

are filed, and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

2. Exhaustion of Administrative Remedies

In almost all circumstances, petitioners seeking relief pursuant to 28 U.S.C. § 2254 must exhaust all available state court remedies before seeking relief in federal court. 28 U.S.C. § 2254(b). Additionally, a court's review of a 28 U.S.C. § 2254 petition is limited by subsection (d) which provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim - (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(a). A state court's decision is "contrary to . . . clearly established federal law [where it] applies a rule that contradicts the governing law set forth" by the Supreme Court of the United States or "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a different result." Williams v. Taylor, 529 U.S. 362, 406 (2000). In contrast, a state court's decision "involves an unreasonable application of clearly established federal law if the

state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies it to the facts of a particular state prisoner's case." Id. at 407. "The focus of federal court [habeas] review is on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F. Supp. 152, 156 (E.D.Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998).

### 3. Motions pursuant to Fed. R. Civ. P. 55(a)

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). However, the clear policy of the Federal Rules of Civil Procedure is to discourage judgment by default and to encourage disposition of claims on their merits. Reizakis v. Loy, 490 F.2d 1132, 1135 (4th Cir. 1974)

### 4. Ineffective Assistance of Counsel

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective assistance of counsel, Petitioner must show both that his attorney's performance fell below an objective standard of reasonableness and that he suffered actual prejudice. Strickland, 466 U.S. at 687. To demonstrate deficient performance, Petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Id. Competency is measured by what an objectively reasonable attorney would have done under the circumstances existing at the time of the representation. Id. at 687-88. To demonstrate actual prejudice, Petitioner, because he is alleging ineffective assistance of

counsel in connection with the entry of a guilty plea, must show that "there is a reasonable probability that but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988).

**B.      Analysis**

Petitioner raises three separate grounds in support of his Habeas Petition.

1.      Ground One - Counsel Caused Petitioner to Plead Guilty

In support of his first ground for habeas relief, Petitioner asserts that his plea attorney was constitutionally deficient for advising Petitioner to plead guilty to trafficking crack cocaine 28 grams to 100 grams, second offense, when his prior convictions allegedly barred the State of South Carolina from using them for enhancement purposes. (ECF No. 1, p. 5.)

Upon review of the first ground in the Habeas Petition, the Magistrate Judge determined that both plea counsel and the PCR court were correct in concluding that the nature of the charge the petitioner was facing, trafficking crack cocaine, meant that subsection one of S.C. Code § 44-53-470, which dealt exclusively with possession charges, would not apply, and thus Petitioner's prior drug convictions would be used for enhancement purposes under subsection two of § 470. (ECF No. 54, pp. 16-17 (citing ECF No. 34-1, pp. 57-58).) The Magistrate Judge further determined that, because Petitioner's trafficking charge would not be considered a first offense, the PCR court's interpretation of state law was dispositive of Petitioner's ineffective assistance of counsel claim, since the PCR court confirmed that plea counsel's understanding of S.C. Code § 44-53-470 was correct. (Id. at p. 17.) Therefore, the Magistrate Judge found that Petitioner failed to show the PCR court unreasonably applied United States Supreme Court precedent or reached an unreasonable factual determination given the evidence and record before it. (Id.)

Accordingly, the Magistrate Judge did not find merit in Petitioner's claim. (Id.)

In his objections, Petitioner failed to direct the court to specific error in the Magistrate Judge's Report. However, Petitioner did ask the court to incorporate his response to the motion for summary judgment as part of his objections. (See ECF No. 62, p. 8.) In this regard, Petitioner previously argued that his plea counsel's conduct was ineffective when counsel "requested that the Petitioner enter a plea to Trafficking in Crack Cocaine, First or Second Offense, . . . ." (ECF No. 48, p. 13.)

Upon review of Petitioner's claim in the context of the underlying record, the court finds that Petitioner has not presented sufficient evidence to support his argument that plea counsel's advice fell below an objective standard of reasonableness. Therefore, Petitioner fails to establish deficient performance under Strickland. Petitioner further fails to even allege, much less establish, that a reasonable probability existed that, but for his plea counsel's alleged ineffectiveness, he would have insisted on going to trial instead of pleading guilty. Accordingly, Petitioner's ineffective assistance of counsel claim also fails for lack of prejudice. See Hill v. Lockhart, 474 U.S. 52, 53-59 (1985); Hooper, 845 F.2d at 475. Based on the foregoing, the court agrees with the Magistrate Judge that Respondent is entitled to summary judgment on this claim.

    2.    Ground Two - Denial of Alibi Claim

In his second ground for habeas relief, Petitioner argues that the state court denied his alibi claim in violation of his due process rights. (ECF No. 1, p. 6.) Specifically, Petitioner contends that he was not the person who fled the residence when law enforcement officers executed the search warrant and that he presented a valid alibi in light of the testimony elicited at

the PCR hearing.

The Magistrate Judge found that this ground was procedurally defaulted and should not be considered on habeas review. (ECF No. 54, p. 19.) In support of this finding, the Magistrate Judge stated that Petitioner did not raise a free-standing alibi claim in state court and the issue was not raised on appeal from denial of PCR. (Id. at p. 18.) The Magistrate Judge further found that, even if Petitioner argues his default should be excused, Petitioner's witnesses - Crystal Shepard, Reneashia Williams, and Casper Shepard - failed to establish any alibi for Petitioner because they could not testify that Petitioner was at another location as required by South Carolina law. (Id. (citing State v. Robbins, 271 S.E.2d 319, 320 (S.C. 1980))) Accordingly, the Magistrate Judge did not find merit in Petitioner's claim. (Id.)

Petitioner generally objects to the Magistrate Judge's finding that Petitioner did not exhaust his claims in state court. (ECF No. 62, pp. 4-5, 7-8.) Regarding his alibi ground for habeas relief, Petitioner previously argued that his plea attorney was constitutionally deficient for not appropriately using the "testimony of two (2) [alibi] witnesses whom were present at the Petitioner's residence when Law Enforcement executed the Search Warrant of the Petitioner's residence." (See ECF No. 48, p. 6.) Petitioner further argued that the "failure to call witnesses to contradict eyewitnesses identification of . . . [Petitioner] was Ineffective Assistance." (Id.)

The court agrees with the Magistrate Judge that this ground for relief is procedurally defaulted and Petitioner has not demonstrated grounds to excuse the default. However, even if Petitioner had exhausted this ground for relief, the court agrees with Respondent that this claim fails on the merits. Specifically, under South Carolina law, Petitioner failed to submit sufficient evidence to establish that "he was at another specified place at the time the crime was

committed." (See ECF No. 34-1, p. 124 (citing State v. Deschamps, 131 S.E.2d 420 (S.C. 1926).) Thus, because Petitioner's due process claim is premised upon the assumption that the testimony at issue actually established an alibi, Petitioner cannot prevail on his due process claim since Petitioner's evidence failed to actually establish that he was somewhere else at the time the crime was committed. Therefore, Respondent is entitled to summary judgment on this claim.

3. Ground Three - Petitioner's Indictment Violated South Carolina Law

In his third and final ground for habeas relief, Petitioner claims that a violation of the South Carolina Code occurred as a result of his indictment for trafficking pursuant to S.C. Code § 44-53-470. (ECF No. 1, p. 8.)

The Magistrate Judge determined that Petitioner's third ground did not state a cognizable federal habeas claim, because violations of state law that do not infringe upon specific federal constitutional protections are not cognizable under § 2254. (ECF No. 54, p. 19 (citing Estelle, 502 U.S. at 67-68 ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); Weeks v. Angeleone, 176 F.3d 249, 262 (4th Cir. 1999) ("when a petitioner's claim rests solely upon an interpretation of state case law and statutes, it is not cognizable on federal habeas review")).) Accordingly, the Magistrate Judge did not find merit in Petitioner's claim. (Id.)

Although he did not state specific objections to the Magistrate Judge's report, Petitioner previously argued that his plea counsel was constitutionally ineffective once he "misinterpreted South Carolina Code of Law." (ECF No. 48, p. 8.) Petitioner further specified that his plea counsel "interpreted a penal statute incorrectly, . . . [and] the Petitioner was prejudiced by counsel's error." (Id. at p. 11.)

Upon review, the court agrees with the Magistrate Judge that Estelle and Weeks prohibit the court from viewing this claim by Petitioner as cognizable in a petition for habeas relief.  As a result, Respondent is entitled to summary judgment on this claim.

4.      Petitioner's Motion for Default

Petitioner moves for entry of default against Respondent asserting that he failed to timely file an answer to the Habeas Petition.  (ECF No. 37.)

Upon his review, the Magistrate Judge determined that Petitioner's motion should be denied because Respondent's response to the Habeas Petition was timely filed on October 26, 2011, after Respondent received two extensions from the court.  (ECF No. 54, p. 19 (citing to ECF Nos. 17, 27).)  Therefore, the Magistrate Judge recommends denying Petitioner's motion for entry of default.

Petitioner failed to make specific objections to the Magistrate Judge's report, but he did "respectfully request that the Petitioner's Motion for Entry of Default be Granted and the Respondent's be deemed defaulted."  (ECF NO. 62, p. 8.)

In accordance with the preference that "defaults be avoided and that claims and defenses be disposed of on their merits," the court agrees with the Magistrate Judge that entry of default should not be made against Respondent.  The timely filing of a Fed. R. Civ. P. 56 motion for summary judgment in response to Petitioner's Habeas Petition is an appropriate reason within the court's discretion to not enter default.  U.S. ex rel. Knight v. Reliant Hospice, Inc., C/A No. 3:08–03724–CMC–JRM, 2011 WL 6130539, at *1 (D.S.C. Nov. 8, 2011) (In deciding whether to direct that entry of default be made as to a party, a district court must exercise "sound discretion.").  Accordingly, the court denies Petitioner's motion for entry of default against

Respondent.

## III. CONCLUSION

Upon careful consideration of the entire record, the court hereby **GRANTS** the motion for summary judgment of Respondent Anthony J. Padula, Warden, **DISMISSES WITH PREJUDICE** the petition of Ray Anthony Shepard for writ of habeas corpus, and **DENIES** Petitioner's motion for entry of default. (ECF Nos. 1, 33, 37.) The court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference.

## IV. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In this matter, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the court **DENIES** issuance of a certificate of appealability.

**IT IS SO ORDERED**.

/s/Margaret B. Seymour
MARGARET B. SEYMOUR
CHIEF UNITED STATES DISTRICT JUDGE

September 27, 2012
Columbia, South Carolina